# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | No. 17-CV-01315 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, THE PENNSYLVANIA STATE UNIVERSITY BOARD OF TRUSTEES, ERIC J. BARRON, PAUL APICELLA, KAREN FELDBAUM, KATHARINA MATIC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 3rd day of August 2017, upon consideration of Plaintiff's Motion to Proceed under a Pseudonym (ECF No. 6) and finding that the "litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings" and that the factors outlined by the United States Court of Appeals for the Third Circuit in *Doe v. Megless*, 654 F.3d 404 (3rd Cir. 2011) favor anonymity,[1] **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed Under a Pseudonym and for a Protective Order (ECF No. 6) is **GRANTED**.

---

[1] Those factors include "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the

- 1 -

All materials filed on the public docket will use "John Doe" to refer to Plaintiff and "Jane Roe" to refer to Complainant.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." 654 F.3d at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997)).