## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | No.: 4:17-CV-01315 |
| -against- | : | |
| | : | (Judge Brann) |
| **THE PENNSYLVANIA STATE** | : | |
| **UNIVERSITY, THE PENNSYLVANIA STATE** | : | |
| **UNIVERISTY BOARD OF TRUSTEES, ERIC J.** | : | |
| **BARRON,** individually and as agent for The | : | |
| Pennsylvania State University, **PAUL APICELLA,** | : | |
| individually and as agent for The Pennsylvania State | : | |
| University, **KAREN FELDBAUM,** individually and as | : | |
| agent for The Pennsylvania State University, | : | |
| **KATHARINA MATIC,** individually and as agent for | : | |
| The Pennsylvania State University, | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AS AGAINST THE PENNSYLVANIA STATE UNIVERSITY, DANNY SHAHA AND KAREN FELDBAUM

Plaintiff hereby moves for an order holding The Pennsylvania State University, Danny Shaha and Karen Feldbaum in contempt for violating this Court's August 18, 2017 order and injunction.

In support of this motion, Plaintiff relies upon the Declaration of Stuart Bernstein, Esq. the accompanying Brief and Exhibits, which are incorporated by reference. A proposed Rule to Show Cause and proposed Order of Contempt are submitted herewith.

1.     Plaintiff filed a Complaint on July 25, 2017, (A copy of Plaintiff's complaint is annexed hereto as **Exhibit "A"**).

2.     On August 10, 2017 and August 11, 2017 Your Honor conducted a hearing, which included testimony from five (5) witnesses, in furtherance of Plaintiff's motion seeking a Temporary Restraining Order and subsequent Preliminary Injunction prohibiting Defendants from barring Plaintiff from attending Fall Semester 2017 classes at The Pennsylvania State University and participation in the Penn State Jefferson seven (7) year pre-med program. (The transcripts of the August 10th and 11th, 2017 hearing are annexed hereto as **Exhibits "B" and "C"** respectively").

3.     On August 18, 2017 Your Honor issued a Memorandum Opinion and Order granting Plaintiff's application for a TRO and ordering that:

> Penn State is **immediately enjoined from enforcing its June 27, 2017 suspension and exclusion** of Plaintiff, John Doe from the Pennsylvania State University and the Penn State-Jefferson seven (7) year pre-med program.

> Penn State shall immediately permit and assist the Plaintiff, John Doe in registering for classes necessary for participation in the Penn State-Jefferson seven (7) year pre-med program for the Fall 2017 Semester which begins on August 21, 2017. **Said registration and participation by Doe** is to be effectuated in accordance with Penn State's practice, **utilized during the prior academic year, of separating Doe and Roe**.

(A copy of your Honor's August 18, 2017 Memorandum Opinion and Order are annexed respectively as **Exhibits "D" and "E"**). (Emphasis added).

4.     On September 25, 2017, Danny Shaha, Penn State's Interim Assistant Vice President-Student Affairs sent an e-mail to the Plaintiff and notified him that effective immediately, "Penn State has withdrawn the finding of responsibility and sanctions assigned to you as a result of the Title IX Decision Panel held on June 6, 2017. **A _new_ Title IX Decision Panel will be convened.** Accordingly, Penn State will":

- Lift the finding from your record (i.e. remove the finding of responsibility and the accompanying sanctions).
- Assemble a new Title IX Decision Panel.
- Replace the redacted version of the response to charges with an unredacted version in the investigative packet.
- Provide the investigative packet to the Panel at least 5 days prior to a new hearing.
- Ask the new Panel to conduct a new Title IX hearing, during which each party may submit questions to the panel to be asked of the respondent and complainant, as appropriate, acknowledging that either may decline to answer any question.
- Allow both parties (respondent and complainant) the opportunity to participate by video or audio. If they participate by video, they acknowledge that they will be seen by the other.
- **Ask the Panel to reach a decision of responsibility** or non-responsibility per the Code of Conduct &Student Conduct Procedures (Nov. 3, 2016) version).
- Allow appeals per the Code of Conduct &Student Conduct Procedures (Nov. 3, 2016 version)

(A copy of Mr. Shaha's September 25, 2017 e-mail, Defendants' April 25, 2016 Code of Conduct and Student Conduct Procedures, Defendants' November 3, 2016 Code of Conduct and Student Conduct Procedures and April 18, 2017 Investigative Report are annexed hereto respectively as **Exhibits "F" "G" "H" and "I"**). (Emphasis added).

5.      Mr. Shaha further advised the Plaintiff that Defendant Karen Feldbaum, Penn State's Interim Director of the Office of Student Conduct, will be in contact with further information. (See **Exhibit "F"**).

6.      Mr. Shaha's September 25, 2017 e-mail appears to divert greatly from his September 1, 2017 e-mail to the Plaintiff wherein he references the "judge's orders". In his September 1, 2017 e-mail, Danny Shaha expressly acknowledges Your Honor's intention in making sure the Plaintiff and complainant "receive as full an educational experience as possible while adhering to the expectations to keep you as separate as

possible". Mr. Shaha apparently no longer wishes to assist the Plaintiff in receiving "as full an educational experience as possible".   (A copy of Mr. Shaha's September 1, 2017 e-mail is annexed hereto as **Exhibit "J"**). (Emphasis added).

7.      Thereafter, on September 25, 2017, Plaintiff received an e-mail from Defendant Karen Feldbaum advising him that Penn State is "working on identifying the date for your new panel." Additionally, Defendant Feldbaum stated that the Administrative Directive, that restricts all direct and indirect contact with the compliant is still in effect. (A copy of Defendant's Feldbuam's September 25, 2017 e-mail is annexed hereto as **Exhibit "K"**).

8.      On September 25, 2017, counsel for the Plaintiff sent an extensive e-mail to counsel for Penn State objecting to Penn State's unilateral attempt to violate Your Honor's August 18, 2017 Order by retrying the Plaintiff. In addition to outlining the numerous reasons why Defendants were not in accordance with Your Honor's Order, counsel also demanded that Defendants cease and desist from contacting the Plaintiff directly concerning issues specifically related to this ongoing litigation. (A copy Plaintiff's counsel's September 25, 2017 e-mail to Defendants' counsel is annexed hereto as **Exhibit "L").**

9.      On September 26, 2017, counsel for the Defendants responded to Plaintiff's counsel's e-mail. Defendants' counsel in his response, provides a list of completely meaningless, irrelevant words in an attempt to defend Defendants' indefensible position. (A copy Defendants' counsel's September 26, 2017 e-mail is annexed hereto as **Exhibit "M").**

10.     On October 5, 2017, Plaintiff received an e-mail from Defendant Feldbaum notifying him of a "new panel hearing" to take place on October 25, 2017. (A copy of Defendants Feldbaum's October 5, 2017 e-mail is annexed hereto as **Exhibit "N").**

11.     On October 6, 2017, Plaintiff's counsel, Stuart Bernstein spoke with Defendants' counsel, Emily Edmunds, regarding Defendants intention to conduct a "new panel hearing" and Plaintiff's intention to seek the Court's intervention. Ms. Edmunds did not concur with Plaintiff's intention to make a motion. At the conclusion of this conversation, no resolution could be reached.

12.     The Third Circuit has long held that the actions taken by Defendants The Pennsylvania State University, Karen Feldbaum and nonparty Danny Shaha, in violating the Court's known August 18, 2017 Order, are punishable by Civil Contempt of Court. *Quinter v. Volkswagen of America, 676 F.2d 969, 972* (3rd Cir 1982) *Roe v. Operation Rescue*, 919 F.2d. 857 (3rd Cir 1990), Marshak v. Treadwell, 595 F.3rd 478 (3rd Cir 2009).

13.     As outlined above and more fully established in the accompanying Brief, Plaintiff submits he has satisfied the factors as set forth in *Roe v. Operation Rescue, supra and* Defendants The Pennsylvania State University, Karen Feldbaum and nonparty Danny Shaha should be held in civil contempt of Court. Accordingly, Plaintiff respectfully requests this Honor to set a monetary penalty for said contempt in addition to assessing cost against the Defendants associated with this motion.

Dated: October 6, 2017

                                        **NESENOFF & MILTENBERG, LLP**
                                        **By:** *_/s/ Stuart Bernstein_*
                                        **Stuart Bernstein, Esq.**
                                        **Andrew T. Miltenberg, Esq.**
                                        **Philip A. Byler, Esq.**
                                        363 Seventh Avenue, Fifth Floor
                                        New York, New York 10001

                                                  **-and-**

                                        **SUMMER, MCDONNELL, HUDOCK & GUTHRIE, P.C.**
                                        **By:** *_/s/ Kevin D. Rauch_*
                                        **Kevin D. Rauch, Esq.**
                                        945 East Park Drive, Suite 201
                                        Harrisburg, Pennsylvania

                                        ***Attorneys for Plaintiff John Doe***