## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | No. 17-CV-01315 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| THE PENNSYLVANIA STATE | : | |
| UNIVERSITY, THE PENNSYLVANIA | : | |
| STATE UNIVERSITY BOARD OF | : | |
| TRUSTEES, ERIC J. BARRON, individually: | | |
| and as agent for The Pennsylvania State | : | |
| University, PAUL APICELLA, individually | : | |
| and as agent for The Pennsylvania State | : | |
| University, KAREN FELDBAUM, | : | |
| individually and as agent for The | : | |
| Pennsylvania State University, | : | |
| KATHARINA MATIC, individually and as | : | |
| Agent for The Pennsylvania State University, : | | |
| | : | |
| Defendants. | : | |

## ORDER

### NOVEMBER 14, 2017

Before the Court for disposition is Plaintiff John Doe's Motion for

Contempt.  For the following reasons, this Motion will be denied.

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt."[1] To prove civil contempt, the court must find that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order.[2] These elements must in turn be established by clear and convincing evidence.[3] "Clear and convincing" evidence is defined at that which:

> produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts. . .[4]

In the instant matter, Plaintiff moved to hold Defendants The Pennsylvania State University, Danny Shaha, and Karen Feldbaum in civil contempt for violating this Court's August 18, 2017 Order by scheduling a second Title IX Decision Panel hearing.[5] Defendants, however, have since abandoned their plans of holding this

---

[1] *Shillitani v. United States*, 384 U.S. 364, 370 (1966)(citing *United States v. United Mine Workers*, 330 U.S. 258, 330–332 (1947)).

[2] *See Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995) (citing *Roe v. Operation Rescue*, 919 F.2d at 871).

[3] *Id.* at 1321.

[4] *United States v. Bell*, Civil Action No. 01-CV-2159, 2003 WL 22474723 (M.D.Pa. Sept. 3, 2003)(Conner, J.)(quoting *Cruzan by Cruzan v. Director, Mo. Dept. of Health*, 497 U.S. 261, 285 n. 11 (1990)).

[5] ECF No. 58, at 2.

hearing.[6] The motion for contempt, already prospective in its aim, is therefore denied as moot.

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff John Doe's Motion for Contempt (ECF No. 58) is **DENIED AS MOOT**.

2. The Court will hold oral argument on Defendants' Motion for Dismiss, ECF No. 50, on **December 8, 2017 at 10:00 a.m.** in Courtroom One, Fourth Floor, United States Courthouse and Federal Building, 240 West Third Street, Williamsport, Pennsylvania, 17701.

3. At the time of the oral argument, both parties may submit to the Court three (3) copies of a concise Table of Authorities, listing the legal sources upon which they plan to rely during the course of the hearing.

4. At that time, both parties may also submit to the Court three (3) complete exhibit lists and three (3) complete sets of exhibits for the Court's use, in addition to the original copies that will be offered into evidence, if any. The Court's standard exhibit list template is attached to this Order. Because the hearing will proceed as an oral argument and not in an evidentiary format, not every column on that template list will be relevant for the purposes of the hearing. The lists and any accompanying exhibits shall be contained in

---

[6]   ECF No. 62.

tabbed 3-ring binders. At the conclusion of the hearing, counsel shall be responsible for assuming custody of all of the original copies of their exhibits. Because the hearing will proceed as an oral argument at the motion to dismiss stage and not as an evidentiary hearing, provision of or reliance upon exhibits may be unnecessary.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

**Caption:** _____

**Case No.:** _____

**Judge:** _____

## <u>EXHIBIT LIST</u>

| Completed by Counsel | | Completed by Courtroom Deputy | | |
|---|---|---|---|---|
| Exhibit No. (P/D-#) | Exhibit Description | Date Identified | Date Admitted | Witness |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

1